UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA FEDOROVA,

    Plaintiff,

v.

WILLIAM P. FOLEY, II, et al.,

    Defendants.

_____/

Case No. 1:22-cv-991

Hon. Hala Y. Jarbou

## **ORDER**

"'The power to stay proceedings is incident to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

A stay is warranted in this case. There are over a dozen motions currently pending. The remaining Defendants have filed motions to dismiss under Rule 12 of the Federal Rules of Civil Procedure. Defendants seek dismissal for reasons including, but not limited to, lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Plaintiff has filed a stream of discovery-related motions along with a variety of non-discovery-related motions, such as a motion to disqualify Magistrate Judge Kent, a motion to strike, and a motion to order the

United States Department of Justice and the United States Consumer Financial Protection Bureau to conduct investigations.

Proceeding with this case prior to the Court's resolution of Defendants' motions to dismiss would contravene the very purpose of Rule 12. The purpose of a motion to dismiss for failure to state a claim "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (internal citation and quotation marks omitted). Additionally, the Court may not proceed to the merits of the case before establishing a basis upon which to exercise subject matter jurisdiction. *See Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998) ("[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction.").

Proceeding with this case would likewise not serve the interests of judicial economy. The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendants' pending motions to dismiss are dispositive motions with the potential to reframe the legal issues and parties. Accordingly, continuing on prior to their resolution may result in a needless expenditure of the Court's and the parties' resources.

For the reasons stated above, all proceedings in this case shall be **STAYED** until further order of the Court. The parties are not to file any additional motions. However, the parties may file timely responses or replies to the pending motions.

Accordingly,

**IT IS ORDERED** that all proceedings in this case are **STAYED** until further order of the Court.

Dated: May 11, 2023 	/s/ Hala Y. Jarbou  
HALA Y. JARBOU  
CHIEF UNITED STATES DISTRICT JUDGE