UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA FEDOROVA,

    Plaintiff,

v.

WILLIAM P. FOLEY, II, et al.,

    Defendants.

_____/

Case No. 1:22-cv-991

Hon. Hala Y. Jarbou

## OPINION

Plaintiff Elena Fedorova brought this action against over one hundred Defendants, including the United States Consumer Financial Protection Bureau ("CFPB"), arising out of her mortgage loan. Fedorova seeks a court order directing the CFPB to open an investigation into the events surrounding her mortgage loan transaction. Before the Court is the CFPB's motion to dismiss (ECF No. 54).

## I. FACTUAL BACKGROUND

Fedorova applied for a $135,000 loan with Perl Mortgage, Inc. ("Perl") on June 15, 2016, in order to purchase a home located at 5757 Saggio Road in Hastings, Michigan. (Fedorova Loan Application, ECF No. 1-2, PageID.123.) Fedorova signed a promissory note on July 29, 2016. (Note, ECF No. 1-6, PageID.134.) The note states: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (*Id.*)

Perl transferred the servicing rights on the loan to Caliber Home Loans, Inc. ("Caliber"), who became the new servicer. Perl notified Fedorova of the transfer. (Notice of Assignment, ECF No. 1-11, PageID.146.) Later in 2019, Caliber also told Fedorova that it had become the new

servicer of the loan.  (5/3/2019 Letter from Caliber to Fedorova, ECF No. 1-7, PageID.140.)  In the same letter, Caliber also informed Fedorova that PennyMac Loan Services, LLC ("PennyMac") became the servicer of the loan on or around May 2, 2019.  (*Id.*)  PennyMac subsequently notified Fedorova that it was now the owner and servicer of the loan.  (5/10/2019 Letter from PennyMac to Fedorova, ECF No. 1-8, PageID.142-143.)

On October 31, 2019, PennyMac informed Fedorova that her loan was in default because she failed to make her monthly payments.  (Notice of Default, ECF No. 1-22, PageID.178.)  Finally, on October 8, 2022, Potestivo & Associates, P.C. provided Fedorova with a notice of foreclosure on behalf of PennyMac.  (Notice of Foreclosure, ECF No. 1-33, PageID.253.)  As of that date, Fedorova owed $142,308.50 on the loan.  (*Id.*)

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint for failure to state a claim.  "While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—that the pleader is entitled to relief."  *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"Whether a party has [Article III] standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). "A plaintiff must have standing for each claim pursued in federal court." *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015).

When considering a motion to dismiss under Rule 12(b)(1) or Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017). The Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, or "formulaic recitations of the elements of a cause of action," *Twombly*, 550 U.S. at 555.

Courts are generally bound to consider only the complaint when resolving a motion to dismiss unless the Court converts the motion to one for summary judgment. *Wysocki v. Int'l Bus. Mach. Corp.*, 60 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

### III. ANALYSIS

Fedorova seeks injunctive and declaratory relief from the CFPB. More specifically, she asks this Court to order the CFPB to investigate her mortgage loan. (*See* Compl., ECF No. 1, PageID.95 ("Fedorova demand[s] that the CFPB take action and I demand access to the results of those findings.").)

### A. Subject Matter Jurisdiction

The Court lacks subject matter jurisdiction over Fedorova's request because the CFPB is entitled to sovereign immunity. "'Sovereign immunity is jurisdictional in nature.'" *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Absent a waiver, the principle of sovereign immunity prevents a plaintiff from suing the United States. *Id.* Sovereign immunity extends to federal agencies like the CFPB. *Meyer*, 510 U.S. at 475; *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). "Any waiver of sovereign immunity must be unequivocally expressed in statutory text and must be strictly construed, in terms of scope, in favor of the sovereign." *Gaetano*, 994 F.3d at 506 (internal citations and quotation marks omitted). "The plaintiff generally must establish a waiver of the United States' sovereign immunity." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990); *Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013)). Fedorova attempts to sue the CFPB, but she fails to establish a waiver of sovereign immunity.

Fedorova cannot establish a waiver of sovereign immunity under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.* As part of its limited waiver of sovereign immunity, the APA provides that

> [a]n action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the united States or that the United States is an indispensable party.

*Id.* § 702. However, the APA's waiver of sovereign immunity does not apply to agency action that is committed to agency discretion by law. *Id.* § 701(a)(2). This "category of unreviewable actions includes an agency's decision not to institute enforcement proceedings." *Dep't of Homeland Sec. v. Regents of the Univ. of Calif.*, 140 S. Ct. 1891, 1905 (2020); *see also Heckler v. Chaney*, 470 U.S. 821, 831-33 (1985). Rather, "the only agency action that can be compelled

4

under the APA is action legally *required*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (emphasis in original) (interpreting 5 U.S.C. § 706(1)'s authorization for courts to "compel agency action unlawfully withheld."). In other words, a claim may proceed "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Id.* at 64 (emphasis in original).

Fedorova seeks a court order requiring the CFPB to investigate both her mortgage loan transaction and, more generally, whether other named Defendants in this action have violated the law. Fedorova makes two arguments under the APA.[1] First, she argues that the decision to conduct an investigation or to bring enforcement proceedings is not discretionary because her "request is within CFPB's duties owed to the public and individual customers." (Pl.'s Resp. in Opp'n to the CFPB's Mot. to Dismiss, ECF No. 114, PageID.843.) To the contrary, the CFPB has no duty to investigate or punish allegations of wrongdoing. *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) (finding that the FBI Director and Attorney General had no duty to investigate the plaintiff's complaints); *see also Mitchell v. McNeil*, 487 F.3d 374, 378 ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))). Thus, the CFPB's decision to conduct an investigation or to institute enforcement proceedings is not a discrete agency action that it is required to take, rather it is discretionary. The APA's waiver of sovereign immunity does not apply.

Second, Fedorova argues that the federal question jurisdiction statute, 28 U.S.C. § 1331, authorizes the Court to hear her APA claim. (Pl.'s Br. in Opp'n to the CFPB's Mot. to Dismiss, ECF No. 115, PageID.865 ("This grant of subject matter jurisdiction authorizes federal courts to

---

[1] Fedorova filed a 15-page "response" (ECF No. 114) to the CFPB's motion to dismiss as well as a 12-page "brief" (ECF No. 115). The Court will refer to these filings accordingly.

5

hear claims arising under the APA[.]").) However, "[t]he federal question jurisdictional statute is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain." *Whittle*, 7 F.3d at 1262 (internal citation omitted). The APA's waiver of sovereign immunity still does not apply.

Fedorova next argues that the CFPB has waived sovereign immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* and the Tucker Act, 28 U.S.C. § 1491. The FTCA and the Tucker Act operate as limited waivers of sovereign immunity for certain actions seeking *money* damages. Under the FTCA, the CFPB may only be liable "in compensatory damages for torts committed by its employees and agents." *Moher v. United States*, 875 F. Supp. 2d 739, 754 (W.D. Mich. 2012). Similarly, "[t]he Tucker Act operates as a limited waiver of sovereign immunity from suit, allowing litigants to seek money damages from the United States for certain claims." *Brott v. United States*, 858 F.3d 425, 431 (6th Cir. 2017) (citing *United States v. Mitchell*, 463 U.S. 206, 215-16 (1983)). Fedorova admits that she does not seek money damages from the CFPB. (Pl.'s Br. in Opp'n to the CFPB's Mot. to Dismiss, PageID.871 ("Fedorova's Claim against CFPB is not for monetary damages[.]").) Her demands for declaratory judgment and injunctive relief are not cognizable under the FTCA or the Tucker Act. Thus, these statutes cannot waive the CFPB's sovereign immunity.

Finally, Fedorova argues that the Court has jurisdiction over her claim against the CFPB under the Declaratory Judgment Act, 28 U.S.C. § 2201. (*See* Fedorova's Br. in Opp'n to the CFPB's Mot. to Dismiss, PageID.862.) The Declaratory Judgment Act "enlarges the range of remedies available in federal courts but it does not create or expand the scope of subject matter jurisdiction." *Moher*, 875 F. Supp. 2d at 769 (collecting cases). Rather, "[i]t only provides federal courts with the authority to fashion the remedy of a declaratory judgment in civil actions where

the Court already has subject matter jurisdiction on some other basis." *Id.* Because Federova fails to establish an independent basis upon which this Court can exercise subject matter jurisdiction, her argument under the Declaratory Judgment Act is futile.

In sum, the CFPB is entitled to sovereign immunity and the Court lacks subject matter jurisdiction over Fedorova's claims against it.

### B. Fedorova's Request to Amend

Fedorova requests leave to amend her Complaint in two sentences—one in her response and the other in the final paragraph of her brief. (*See* Pl.'s Resp. in Opp'n to the CFPB's Mot. to Dismiss, PageID.845 ("As alternative, Fedorova requests to amend her complaint under Federal Rule of Civil Procedure 15; and incorporate newly discovered evidence which provides additional grounds for injunctive relief sought by Fedorova; and newly discovered parties – hedge funds."); Pl.'s Br. in Opp'n to the CFPB's Mot. to Dismiss, PageID.873 ("As alternative, Fedorova requests to Amend her Complaint, which is warranted under Rule 15.").)

In *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435 (6th Cir. 2014), the plaintiffs included "throwaway language" in the final sentence of their memorandum in opposition to the defendant's motion to dismiss requesting leave to amend their complaint should it fall short of the applicable pleading standards. *Id.* at 444. The Sixth Circuit found that "[a]lthough [Federal Rule of Civil Procedure] 15 instructs courts to 'freely give leave' to amend, that liberal policy does not apply to the plaintiffs' one-sentence request. A 'request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend.'" *Id.* (quoting *La. Sch. Emps.' Ret. Sys. v. Ernst & Young*, 622 F.3d 471, 486 (6th Cir. 2010)). Pursuant to *Kuyat*, the Court concludes that Fedorova's passing mention of amending her complaint in response to the CFPB's motion to dismiss is not a proper motion to amend.

7

Even if Fedorova had properly requested leave to amend her complaint, the Court finds that any amendment would be futile. "[C]ourts need not give leave to amend when doing so would be futile." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (internal citation omitted). "An amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Here, Fedorova requested leave to amend her complaint without providing the Court with a copy of the amended complaint. *See Kuyat*, 747 F.3d at 444 ("Normally, a party seeking an amendment should attach a copy of the amended complaint.") Fedorova merely stated that her requested amendment would incorporate newly discovered evidence and provide additional grounds for relief. However, more evidence will not put the law on Fedorova's side. Fedorova requests that the CFPB launch an investigation into the events surrounding her loan transaction. As previously explained, the Court does not have subject matter jurisdiction over this request because Fedorova has failed to establish a waiver of sovereign immunity. *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("A waiver of sovereign immunity may not be implied and exists only when Congress has expressly waived immunity by statute." (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1991))). Nor has Fedorova provided the Court with any basis in law upon which it could grant her request. Indeed, in general, the CFPB has no duty to investigate or punish allegations of wrongdoing. Accordingly, Fedorova's claims against the CFPB will be dismissed without leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Court will grant the CFPB's motion to dismiss (ECF No. 54). Fedorova's claims against the CFPB will be dismissed without leave to amend. An order will enter consistent with this Opinion.

Dated: May 16, 2023 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE