UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA FEDOROVA,

      Plaintiff,

                                    Case No. 1:22-cv-991

v.

                                      Hon. Hala Y. Jarbou

WILLIAM P. FOLEY, II, et al.,

      Defendants.

_____/

## **OPINION**

Plaintiff Elena Fedorova brought this action against over one hundred Defendants, including the United States Department of Justice ("DOJ"), arising out of her mortgage loan.  As it relates to the DOJ, Fedorova seeks declaratory and injunctive relief ordering it to conduct investigations and publish reports, to explain why it is not investigating, to fine certain entities related to her loan, and to obtain accounting documents related to her loan.  Before the Court is the DOJ's motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted (ECF No. 120).

## I. FACTUAL BACKGROUND

Fedorova applied for a $135,000 loan with Perl Mortgage, Inc. ("Perl") on June 15, 2016, in order to purchase a home located at 5757 Saggio Road in Hastings, Michigan.  (Fedorova Loan Application, ECF No. 1-2, PageID.123.)  Fedorova signed a promissory note on July 29, 2016. (Note, ECF No. 1-6, PageID.134.)  The note states: "I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  (*Id.*)

Perl transferred the servicing rights on the loan to Caliber Home Loans, Inc. ("Caliber"), who became the new servicer.  Perl notified Fedorova of the transfer.  (Notice of Assignment, ECF No. 1-11, PageID.146.)  Later in 2019, Caliber also told Fedorova that it had become the new servicer of the loan.  (5/3/2019 Letter from Caliber to Fedorova, ECF No. 1-7, PageID.140.)  In the same letter, Caliber also informed Fedorova that PennyMac Loan Services, LLC ("PennyMac") became the servicer of the loan on or around May 2, 2019.  (*Id.*)  PennyMac subsequently notified Fedorova that it was now the owner and servicer of the loan.  (5/10/2019 Letter from PennyMac to Fedorova, ECF No. 1-8, PageID.142-143.)

On October 31, 2019, PennyMac informed Fedorova that her loan was in default because she failed to make her monthly payments.  (Notice of Default, ECF No. 1-22, PageID.178.)  Finally, on October 8, 2022, Potestivo & Associates, P.C. provided Fedorova with a notice of foreclosure on behalf of PennyMac.  (Notice of Foreclosure, ECF No. 1-33, PageID.253.)  As of that date, Fedorova owed $142,308.50 on the loan.  (*Id.*)

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint for failure to state a claim.  "While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility

2

of misconduct, the complaint has alleged—but has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"Whether a party has [Article III] standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017). "A plaintiff must have standing for each claim pursued in federal court." *Parsons v. U.S. Dep't of Justice*, 801 F.3d 701, 710 (6th Cir. 2015).

When considering a motion to dismiss under Rule 12(b)(1) or Rule 12(b)(6), courts "construe the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true." *Parrino v. Price*, 869 F.3d 392, 397 (6th Cir. 2017). The Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678, or "formulaic recitations of the elements of a cause of action," *Twombly*, 550 U.S. at 555.

Courts are generally bound to consider only the complaint when resolving a motion to dismiss unless the Court converts the motion to one for summary judgment. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

### III. ANALYSIS

The Court lacks subject matter jurisdiction over this claim because the DOJ is entitled to sovereign immunity. "'Sovereign immunity is jurisdictional in nature.'" *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Absent a waiver, the principle of sovereign immunity prevents a plaintiff from suing the United States. *Id.*

Sovereign immunity extends to federal agencies like the DOJ.  *Meyer*, 510 U.S. at 475; *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).  "Any waiver of sovereign immunity must be unequivocally expressed in statutory text and must be strictly construed, in terms of scope, in favor of the sovereign."  *Gaetano*, 994 F.3d at 506 (internal citations and quotation marks omitted).  "The plaintiff generally must establish a waiver of the United States' sovereign immunity."  *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990); *Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013)).

Here, Fedorova attempts to sue the DOJ, but she fails to establish a waiver of sovereign immunity.  She does not point to any statute that permits her suit against the DOJ to go forward.  *See Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013) ("A waiver of sovereign immunity may not be implied and exists only when Congress has expressly waived immunity by statute." (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992))).  Indeed, she has not even filed a response to the DOJ's motion to dismiss.

The DOJ also points out that Fedorova cannot maintain a claim against it under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*  As part of its limited waiver of sovereign immunity, the APA provides that

> [a]n action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

*Id.* § 702.  The DOJ points to an exception in the APA to this waiver of immunity—the APA does not apply to agency action that is committed to agency discretion by law.  *Id.* § 701(a)(2).  This "category of unreviewable actions includes an agency's decision not to institute enforcement proceedings."  *Dep't of Homeland Sec. v. Regents of the Univ. of Calif.*, 140 S. Ct. 1891, 1905 (2020); *see also Heckler v. Chaney*, 470 U.S. 821, 831-33 (1985).  Rather, "the only agency action

that can be compelled under the APA is action legally *required*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (emphasis in original) (interpreting 5 U.S.C. § 706(1)'s authorization for courts to "compel agency action unlawfully withheld."). In other words, a claim may proceed "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Id.* at 64 (emphasis in original).

Fedorova contests the DOJ's discretionary authority to institute an investigation or enforcement proceeding. She fails to demonstrate that these are discrete agency actions that the DOJ is *required* to take. Rather, the DOJ has no duty to investigate or punish allegations of wrongdoing. *See Misiak v. Freeh*, 22 F. App'x 384, 386 (6th Cir. 2001) (finding that the FBI Director and Attorney General had no duty to investigate the plaintiff's complaints). Thus, even construing Fedorova's complaint as asserting a claim under the APA, the DOJ would still be entitled to sovereign immunity. The Court lacks subject matter jurisdiction over Fedorova's claims against the DOJ.

Even if the Court did have subject matter jurisdiction, Fedorova fails to state a claim upon which she is entitled to relief. Fedorova initiated this action against over one hundred Defendants. As it relates to the DOJ, Fedorova seeks declaratory and injunctive relief to order the DOJ to conduct investigations and publish reports, to explain why it is not "investigating and fining" entities including PennyMac and Caliber, and to obtain certain accounting documents related to her loan. (*See* Compl., ECF No. 1, PageID.86, 88, 91.) She alleges that "[b]y now DOJ must know the extent of illegal collection, administration and enforcement of transactions with homeowners." (*Id.*, PageID.88.)

Fedorova has not alleged facts giving rise to relief from the DOJ. Fedorova summarily alleges that because the DOJ "is funded from taxpayers' money to pay them for performing honest

5

and actual services[,]" the DOJ "can be considered as Fedorova's servant who owes Fedorova duties of loyalty, care, fair dealing and responsibility under their own rules."  (*Id.*, PageID.86.) This generalized allegation alone is insufficient to establish an obligation on behalf of the DOJ to investigate or penalize.  Rather, as previously explained, the DOJ has no duty to investigate or punish allegations of wrongdoing.

In sum, because the DOJ is entitled to sovereign immunity, the Court lacks subject matter jurisdiction.  Even if Fedorova had established a valid waiver of sovereign immunity, she fails to state a claim against the DOJ upon which relief can be granted.

### IV. CONCLUSION

For the reasons stated above, the Court will grant the DOJ's motion to dismiss (ECF No. 120).  An order will enter consistent with this Opinion.

Dated: May 16, 2023                                  /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     CHIEF UNITED STATES DISTRICT JUDGE