UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA FEDOROVA,

        Plaintiff,                  Case No. 1:22-cv-991

v.                                            Hon. Hala Y. Jarbou

WILLIAM P. FOLEY, II, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Elena Fedorova ("Fedorova") filed the present lawsuit related to a residential real estate mortgage. This matter is now before the Court on defendant Corelogic, Inc.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 83).

### I.    Fedorova's complaint

The Court previously set out the factual background for Fedorova's lawsuit:

Fedorova applied for a $135,000 loan with Perl Mortgage, Inc. ("Perl") on June 15, 2016, in order to purchase a home located at 5757 Saggio Road in Hastings, Michigan. (Fedorova Loan Application, ECF No. 1-2, PageID.123.) Fedorova signed a promissory note on July 29, 2016. (Note, ECF No. 1-6, PageID.134.) The note states: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (*Id.*)

Perl transferred the servicing rights on the loan to Caliber Home Loans, Inc. ("Caliber"), who became the new servicer. Perl notified Fedorova of the transfer. (Notice of Assignment, ECF No. 1-11, PageID.146.) Later in 2019, Caliber also told Fedorova that it had become the new servicer of the loan. (5/3/2019 Letter from Caliber to Fedorova, ECF No. 1-7, PageID.140.) In the same letter, Caliber also informed Fedorova that PennyMac Loan Services, LLC ("PennyMac") became the servicer of the loan on or around May 2, 2019. (*Id.*) PennyMac subsequently notified Fedorova that it was now the owner and servicer of the loan. (5/10/2019 Letter from PennyMac to Fedorova, ECF No. 1-8, PageID.142-143.)

> On October 31, 2019, PennyMac informed Fedorova that her loan was in default because she failed to make her monthly payments. (Notice of Default, ECF No. 1-22, PageID.178.) Finally, on October 8, 2022, Potestivo & Associates, P.C. provided Fedorova with a notice of foreclosure on behalf of PennyMac. (Notice of Foreclosure, ECF No. 1-33, PageID.253.) As of that date, Fedorova owed $142,308.50 on the loan. (*Id.*)

Opinion (ECF No. 196, PageID.1409-1410).

## II. Defendant Corelogic, Inc.'s motion to dismiss

### A. Legal Standard

Defendant Corelogic, Inc. moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, "[w]hen a court is presented with a Rule

12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.   Discussion

#### 1.   The alleged criminal scheme

Fedorova's 119-page complaint is a collection of allegations against over 100 defendants spread across the country.  The complaint appears to consist of 28 counts, many of which contain multiple claims against multiple defendants.[1]  Fedorova's complaint appears based on a theory that the American real estate mortgage system is a criminal scheme and that the defendants (including such diverse entities and governmental agencies as JP Morgan Chase, the American Land Title Association, Detroit Legal News Publishing, LLC, the United States

---

[1] Fedorova appears to have alleged 28 claims or counts: (1) First Claim for Fraud and Conspiracy to defraud (PageID.43-55, 61); (2) Unnumbered "Claims against defendants Mark W. Sheldon; Detroit Legal News Publishing, LLC; Bradley L. Thompson II,; Anna Graham under FDCPA; RESPA; RICO; Common Fraud; Conspiracy to Defraud; Accessories to Theft of Property over $100,000.00, individually and as a group" (PageID.56-61); (3) Second Claim for Forgery (PageID.62-65); (4) Third Claim for Breach of Contract (PageID.65-66); (5) Fourth Claim for Bad Faith (PageID.67-68); (6) Fifth Claim for Violation of FDCPA (PageID.68-70); (7) Sixth Claim for Violations of RESPA (PageID.70-71); (8) Seventh Claim for Mail Fraud and Racket (PageID.71-74); (9) Claim for Violation of Truth in Lending Act (PageID.74-76); (10) Eighth Claim for Trespass and Invasion of Privacy (PageID.76-79); (11) Ninth Claim for Slander of Title (PageID.79-81); (12) Tenth Claim for Violation of FCRA (PageID.81-83); (13) "Claim for compensation under Federal Tort Claims Act" (PageID.83-86); (14) "Claim for declaratory and injunctive relief agaisnt [sic] all agencies including state bar associations and attorney generals offices" (PageID.86-88); (15) "Claim against Department of Justice ('DOJ') and demand to act" (PageID.88-91); (16) "Claim agaisnt [sic] the Senate Banking Committee, Housing and Urban Affairs Committee and demand to act" (PageID.91-93); (17) "Claim against CFPB and demand to act" (PageID.94-96); (18) "Claim agaisnt [sic] Michigan DIFS and demand to act" (PageID.96-99); (19) "Claim agaisnt [sic] Michigan Office of Attorney General and demand to act"  (PageID.99-100); (20) "Claim against Florida, Nevada, New York, Wisconsin, Georgia and California Attorney Generals and demand to act" (PageID.101-105); (21) "Claim agaisnt [sic] Florida Governor Desantis notary section and demand to act" (PageID.105); (22) "Claim agaisnt [sic] SEC and demand to act" (PageID.105-111); (23) "Claim against FTC and FDIC and demand to act" (PageID.111-113); (24) "Claim agaisnt [sic] CA Department of Business Oversignt [sic]; and demand to act" (PageID.113); (25) "Claim against Defendnats [sic] Bar Associations and demand to act" (PageID.113-115); (26) "Claim against Barry County Recorder" (PageID.115); (27) "Claim for quiet title under Michigan 600.2932 Quieting title" (PageID.115-116); and, (28) "Claim for damages under Federal Tort Claims Act. Against Defendants HUD/Ginnie Mae and SEC" (PageID.116).

3

Department of Justice, the Security and Exchange Commission, the Florida Office of Governor DeSantis Notary Section, the Illinois Attorney Registration and Disciplinary Committee [sic], and the State Bar of California) are all part of that criminal scheme.

By way of background, Fedorova alleged that former defendant William P. Foley, II ("Foley") is "one of master minds [sic] and leaders behind this entire criminal scheme" having "created a sophisticated enterprise 'Foley's Enterprise' consisting from [sic] thousands [sic] empty shell corporations, most of which exist in name only (like 850+ ServiceLinks)." *Id*. at PageID.14. Fedorova alleged among other things that,

> Foley's Enterprise under his leadership and guidance mercilessly gaslight Fedorova with letters, notices and demands on pretender Servicers letterheads to extort money as revenues of unknown to Fedorova Investment Bank [sic]. Foley's website under his guidance and directions issues instructions to unknown to Fedorova employees [sic] who divert her payments without crediting a cent to her principal or escrow.

*Id*.[2] Plaintiff also alleged that former defendant Frank Bisigano ("Bisigano") "is a former CEO of JP Morgan Chase Bank who operates a sophisticated enterprise (Bisignano's Enterprise) in terms of receipt, collection, depositing, and disbursement of funds." *Id*. at PageID.17. "Biginano's [sic] Enterprise is printing and mailing Fedorova 'billing statements'; Notices; letters; 'Modifications'; 'Payoffs' and other fictitious documents on actor's Penny Mac letterheads." *Id*.

Plaintiff identified defendant Corelogic, Inc. as part of the group of "servicers" engaged in the criminal scheme:

> **Corelogic, Inc.** ("Corelogic") is a Servicer who performs various activities for Foley and Biginano's [sic] Enterprises, particularly pay Fedorova's property taxes, purportedly from her escrow money. CoreLogic and when TRW Real Estate Information Services entered into a partnership, part of which was renamed Experian in 1996. In September 1997, majority ownership of Experian's real estate information business was acquired by The First American Corporation, in a partnership with Experian. In 1997 the company was later renamed as CoreLogic

---

[2] Fedorova's complaint uses the term "gaslight", a verb which means "To manipulate (a person) by psychological means into questioning his or her own sanity." *See Oxford English Dictionary*, https://www.oed.com .

Systems. In March 2007, First American Corporation merged its First American RES subsidiary with CoreLogic Systems, under the FARES LLC subsidiary-division began operating under the name First American CoreLogic which is citizen of California.

Compl. (ECF No. 1, PageID.17).

### 2. Discussion

#### a. Allegations against Corelogic

Fedorova's complaint alleged that defendant Corelogic paid her property taxes[3] and committed fraud as alleged in her "FIRST CLAIM FOR RELIEF: FRAUD, INLCUIDNG [sic] FRAUD BY INDUCEMENT; FRAUD IN THE FACTUM; CONSPIRACY TO DEFRAUD INDIVIDUALLY AND AS A GROUP; Against all parties except Recorders and Agencies[.]" Compl. at PageID.43 (emphasis omitted). Fedorova's fraud allegations appear in her complaint at ¶¶ 111-153 (PageID.43-55) and ¶¶ 153-154 (PageID.62).[4]

Fedorova's fraud claims against Corelogic are based on "Federal fraud law" as defined in a federal criminal statute, 18 U.S.C. § 1001:

> 111. Federal fraud law is defined under 18 U.S.C. § 1001-as knowingly and intentionally doing any of the following: (1) Falsifying, concealing, or covering up by any trick, scheme, or device a material fact; (2) Making any materially false, fictitious, or fraudulent statement or representation; or (3) Making or using any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

---

[3] *See* Compl. at PageID.35 ("79. Property taxes were always paid by Servicer CoreLogic, Inc who [sic] 'team' as usual, refused to respond Fedorova's QWR who authorized CoreLogic to make these payments[.]").

[4] In the middle of the Federal fraud claims, Fedorova inserted claims against different defendants with unnumbered paragraphs, *i.e.*, "CLAIMS AGAINST DEFENDANTS MARK W. SHELDON; DETROIT LEGAL NEWS PUBLISHING, LLC; BRADLEY L. THOMPSON II,[sic]; Anna Graham under FDCPA; RESPA; RICO; Common Fraud; Conspiracy to Defraud; Accessories to Theft of property over $100,000.00, individually and as a group." *See* Compl. at PageID.56-61 (emphasis omitted). Fedorova explains this insert as follows: "Fedorova learned about listed above Defendants and their involvement in her case in the last moment, between October 20-23, 2022, after her main Complaint was printed, thus submits these Claims under separate counts as pages 56A; 56B; 56C; 56D; 56E; 56F." *Id*. at PageID.56.

Compl. at PageID.43.[5]

In this claim, Fedorova alleged that Corelogic is one of a group of "the real Servicers" who committed fraud:

> 112. Said Defendants, individually and as a group, initiated a void, fraudulent transaction which was intentionally misrepresented to Fedorova as a "loan" with the party – Perl – who was not a lender and had no lending intent. Here [sic] was no meeting of minds that-so-ever [sic]. While Fedorova intended to get a loan, Perl's intention was to get fees for inducing Fedorova to sign documents; and her undisclosed parties wanted to sell securities backed by information about Fedorova's transaction where nobody loaned her any real money since the base securitization scheme was established and never retired.
>
> 113. Fedorova received no benefit [money] whatsoever. Without retiring the old securitization infrastructure that includes false claims of securization [sic] of debt, "new "purchase" involves merely starting a new securitization infrastructure in addition to (not replacing) the old one. This provides the opportunities to sell multiple versions of unregulated securities that provides Wall Street with astonishing cash flows where Fedorova's payments are extra bonuses.
>
> 114. Fedorova's role in this transaction was not a borrower. She was an investor and participant in the sale of unregulated securities without her knowledge or consent. Fedorova was entitled to know that and bargain for a fair share of the proceeds. The issuance of the note by her was based upon a universal error or mistake by all homeowners that they were purchasing a loan product which was not true.
>
> 115. Fedorova did not know that no loan account receivable was created or maintained and that there is nobody who is legally authorized to administer, collect or enforce the promise Fedorova made to make scheduled payments, to wit: the presumed authority to enforce arising from the alleged possession of the alleged

---

[5] 18 U.S.C. § 1001 provides in pertinent part as follows:

"(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years."

original note leads to a false conclusion of fact. Such authority ultimate must come from the party who owns the underlying obligation as contained on their records as a loan account receivable. There is no such loan account receivable. Fedorova did not know that the transaction is going to be subject to false claims of servicing and that the "servicing" is not performed by the named "servicer" [.]

116. In sum, Fedorova did not get what they [sic] applied for and the investment banks did not pay money to her or on her behalf because they wanted to loan money. They wanted to sell securities and they needed Fedorova to do it. This transaction was camouflaged by alleged involvement of Ginnie Mae as a Guarantor; and alleged "Title Insurance" - which added more realistic flavor to this fraud and not triggered any suspicions in Fedorova who only started to understand that she was royally defrauded after HUD finally responded her FOIA after two years of delays.

117. Roles of "servicers" are played by former Countrywide Financial - now Caliber and PennyMac - who are perfectly aware that they are not multi-billion companies with "millions mortgages" [sic] under management, but thinly capitalized group of criminals who at all times, since 1999 are paid for playing roles of major players, which is promoted by Wall Street Banks via all media sources. PennyMac does not buy any "default debt" or issue any "mortgage backed Securities" for a simple reason - they don't have money to buy; and nobody who sell it to them [sic].

118. <u>The real Servicers - Black Knight, FiServ, Exela, CoreLogic, Covius, Franklin, Computershare - are hiding behind fake Servicers names on the letterheads mailed and collected from various P.O. Boxes and additional layers of various sub servicers each of whom perform certain tasks assigned to them by Foley's Black Knight via password to his secured platform</u>.

Compl. at PageID.43-45 (emphasis added).

In addition to fraud, Fedorova included statutory and common law claims against various groups of "servicers": Violation of FDCPA [Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.] "Against Master Servicers; Sub-Servicers and Pretender Servicers" (PageID.68-70); Violations of RESPA [Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.] "Against Master Servicers, Sub-Servicers and Pretender Servicers" (PageID.70-71); "Mail Fraud and Racket" [Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. § 1962] "Against Master Servicers, Sub-Servicers, Pretender Servicers" (PageID.71-74); and, "Tresspass

7

[sic] and Invasion of Privacy. Against Master Servicers, Sub Servivicers [sic] and Pretender Services [sic]" (PageID.76-79).

### b. Alleged violations of the FDCPA, RESPA, RICO, and state law claims of Trespass and Invasion of Privacy

Fedorova has failed to state claims against defendant Corelogic for violations of the FDCPA, RESPA, RICO, or for claims under state law for trespass, or invasion of privacy. With respect to these claims, Fedorova's complaint is an example of "group pleading", a litigation tactic which raises claims against numerous defendants without regard to a defendant's particular actions. As this Court observed in *Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125 (W.D. Mich. 2019):

> [Plaintiff] Courser's First Amended Complaint—steeped in conspiracy allegations—is a prime example of a tactic known as group pleading. As one court has explained, "[a] complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012).

*Courser*, 404 F. Supp. 3d at 1140.

Here, Fedorova's complaint referred to various groups of "servicers" who allegedly violated the FDCPA, RESPA, RICO, and also committed trespass and invasion of privacy. However, Fedorova did not point out any individual action taken by Corelogic which violated these federal statutes or which involved trespass or invasion of privacy. *See* PageID.68-74, 76-79. While Fedorova's complaint contains conclusory claims and diatribes (*e.g.*, that defendants are "gaslig[h]ting Fedorova with fraudulent demands" (PageID.69) and that "she is fighting alone with a huge, extremely dangerous Criminal enterprise which can make Gambino [sic] family green with envy" (PageID.73-74), her only allegations against Corelogic appear are that it paid her property taxes and violated "Federal fraud law." *See* PageID.35, 43-45. Fedorova has failed to state any

facts to support a claim that Corelogic engaged in specific acts which violated the FDCPA, RESPA, or RICO, or that Corelogic committed trespass or invasion of privacy. Accordingly, all of these claims should be dismissed.

### c. Federal fraud claim

Fedorova's sole claim against Corelogic is that this defendant violated "Federal fraud law" in violation of 18 U.S.C. § 1001. *See* Compl. at ¶ 111 (PageID.43). However, Fedorova cannot state a private civil claim for relief against Corelogic under this federal criminal statute. "[T]he general rule is that a private right of action is not maintainable under a criminal statute." *American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc.*, 481 F.2d 90, 93 (6th Cir. 1973). "Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions." *Id*. (internal quotation marks omitted). Nor can Fedorova attempt to enforce this federal criminal statute against Corelogic. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). In short,

> "There is no authority to allow a private citizen to institute a criminal action in a federal court; that power is vested exclusively in the executive branch." *See United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *Williams v. Finnegan*, 2014 WL 2434590 at *2 (N.D. Ohio May 29, 2014). **Consequently, there exists no independent, private cause of action for the alleged violation of 18 U.S.C. § 1001**.

*Shoemake v. Mansfield City School District Board of Education*, 61 F. Supp. 3d 704, 711 (N.D. Ohio 2014) (emphasis added). Accordingly, Fedorova's federal fraud claim against Corelogic should be dismissed.[6]

---

[6] Because Fedorova has no legal basis to assert a private fraud claim under 18 U.S.C. § 1001, it is unnecessary for the Court to reach the issue of whether she complied with Fed. R. Civ. P. 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See Picard Chemical*

### III.  RECOMMENDATION

Accordingly, I respectfully recommend that defendant Corelogic, Inc.'s motion to dismiss (ECF No. 83) be **GRANTED**.

Dated:  May 30, 2023  /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

*Inc. Profit Sharing Plan v. Perrigo Company*, 940 F. Supp. 1101, 1114 (W.D. Mich. 1996) ("Compliance with Rule 9(b) should be reviewed as to each of the elements of the claim of fraud in a complaint and as to each of the named defendants because each defendant must be informed of the specific nature of his alleged participation in allegedly defrauding a plaintiff.").