UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA FEDOROVA,

    Plaintiff,

v.

WILLIAM P. FOLEY, II, et al.,

    Defendants.
_____/

Case No. 1:22-cv-991

Hon. Hala Y. Jarbou

## **OPINION**

Plaintiff Elena Fedorova brings this action against over one hundred Defendants, including Exela Technologies, Inc. ("Exela"). On July 7, 2023, Magistrate Judge Ray Kent issued a Report and Recommendation (R&R) recommending that the Court grant Exela's motion to dismiss (ECF No. 86) for failure to state a claim. (*See* R&R, ECF No. 212.) Before the Court are Plaintiff's objections to the R&R (ECF No. 213).

### I. FACTUAL BACKGROUND

The Court has previously laid out the general factual background of this case. (*See* 5/16/2023 Op. on CFPB Mot. to Dismiss, ECF No. 196; 5/16/2023 Op. on DOJ Mot. to Dismiss, ECF No. 198.) Accordingly, the Court will only briefly explain Plaintiff's claims against Exela.

Plaintiff's case centers around her belief that the American real estate mortgage system is a criminal scheme. She believes Exela participates in this scheme and identifies Exela as a

> [s]ervicer who owns various subservicers, who collects and process[es] Fedorova's payments according to instructions and guidelines from Foley and [Bisignano]'s Enterprises with whom Exela has various lockbox and indemnification agreements[.] Exela is registered in Delaware, resident of Texas who owns and controls various sub-servicers [] who collects Fedorova's payments from various P.O. Boxes in Texas and California and process[es] them for unknown to her parties.

(Compl., ECF No. 1, PageID.18.) Essentially, Plaintiff believes that two former Defendants—William P. Foley and Frank Bisignano—direct "Master Servicers; Sub-Servicers and Pretender Servicers" like Exela to improperly collect and process her mortgage payments while leading Plaintiff to believe that other entities like PennyMac Loan Services, LLC and Caliber Home Loans, Inc. are her servicers. Plaintiff further identified former Defendants SourceHOV, LLC and Transcentra as "sub-servicers" who assist Exela in improperly collecting her mortgage payments. (*Id.*)

Plaintiff brings the following claims against a group of "Master Servicers; Sub-Servicers and Pretender Servicers," including Exela: violations of the Fair Debt Collection Practices Act (FDCPA), the Real Estate Settlement Practices Act (RESPA), and the Racketeer Influenced and Corrupt Organizations Act (RICO); trespass/invasion of privacy; and fraud.

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

The Magistrate Judge recommended dismissing each of Plaintiff's claims against Exela for failure to state a claim. At the motion to dismiss stage, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This plausibility standard requires the plaintiff to plead 'factual content that allows the court to draw

2

the reasonable inference that the defendant is liable for the misconduct alleged.'" *Middlebrooks v. Parker*, 15 F.4th 784, 789 (6th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff's complaint labels Exela and other Defendants as "Master Servicers; Sub-Servicers and Pretender Servicers." She brings claims against Exela under this general label. The Magistrate Judge explained that Plaintiff's complaint is an example of "group pleading." (*See* R&R 7.) The Magistrate Judge concluded that Plaintiff's complaint fails to state a claim against Exela because it lacks facts related to Exela's *own* actions that could lead to a plausible inference of liability under the FDCPA, RESPA, and RICO or for trespass/invasion of privacy.

As it relates to Plaintiff's fraud claim under 18 U.S.C. § 1001, the Magistrate Judge concluded that Plaintiff cannot maintain a private civil action against Exela for an alleged violation of this federal criminal statute, nor can she enforce this federal criminal statute against Exela. (*See* R&R 12.)

**A. Plaintiff's Objections**

Fedorova objects to the Magistrate Judge's recommendation as to the FDCPA, RESPA, and RICO claims. As it relates to the FDCPA claim, Plaintiff's complaint explains and her objections reiterate her belief that Exela is required to disclose information "such as the nature of [her] debt; and ownership of [her] debt, along with supporting financial documents and clear identity of each involved collector." (Compl., PageID.68; *see also* Pl.'s Objs., ECF No. 213, PageID.1498.) Her complaint and objections further state that Plaintiff "many times submitted her DVR to all collectors – including those who do actual collection –[]Black Knight, FiServ and Exela – but refused to identify themselves. Her demands to validate w[ere] either ignored and not answered; or answered in a deceptive manner, without responds to key questions about proof of existence and ownership of alleged 'debt.'" (Compl., PageID.68; *see also* Pl.'s Objs., PageID.1496.)

3

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt" including "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e. It further defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

Here, the evidence Plaintiff provides along with her complaint suggests that Exela does not actually collect her payments, it merely processes her payments on behalf of Pennymac Loan Services, LLC ("Pennymac"). On August 31, 2022, Pennymac wrote to Plaintiff explaining that "Exela Technology processes payments on Pennymac's behalf. Questions or concerns regarding the servicing of your loan, including the handling of payments, should be directed to Pennymac as your servicer." (Ex. 14 to Compl., ECF No. 1-14, PageID.159.) Plaintiff offers no more than conclusory allegations to dispute this fact. Because Exela only processes payments on behalf of Pennymac and does not collect the payments itself, it is not a debt collector under the FDCPA. Accordingly, Plaintiff's complaint fails to state a claim under the FDCPA.

As it relates to the RESPA claim, Plaintiff's complaint fails to identify what actions Exela itself took in violation of the statute. Her complaint broadly states that "All Defendants [Master Servicers, Sub-Servicers and Pretender Servicers], acting individually and as a group, violated laws and materially misrepresented the ownership and status of the Loan in communications to Plaintiff – while Defendants knew that none of them own the account receivable for Fedorova's alleged loan; or the identity of Fedorova's alleged Creditor." (Compl., PageID.70.) The

4

Magistrate Judge correctly concluded that Plaintiff fails to plead facts that would allow the Court to draw the reasonable inference that Exela itself is liable for violating RESPA.

Even when considering the facts provided in Plaintiff's objections, her RESPA claim fails. Plaintiff believes that "the named servicer PennyMac is not actually receiving the money from Fedorova because Exela does it[,]" and that Exela is "operating under license, and acting for an investment bank that does NOT own any indebtedness owned by Fedorova to anyone." (Pl.'s Objs., PageID.1498.)

Under RESPA, loan servicers are required to notify borrowers "of any assignment, sale, or transfer of the servicing of the loan to any other person." *See* 12 U.S.C. § 2605(b)(1). They are also required "to respond to a borrower's requests to provide the identity, address, and other relevant contact information about the owner or assignee of the loan[.]" *Id.* § 2605(k)(1)(D). RESPA defines a "servicer" as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." *Id.* § 2605(i)(2). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id.* § 2605(i)(3).

Here, as previously explained, the evidence Plaintiff provides along with her complaint suggests that Pennymac, not Exela, is servicing Plaintiff's loan and receiving her payments. (*See* Ex. 14 to Compl., PageID.159.)  Exela does not receive Plaintiff's payments, it merely processes payments on Pennymac's behalf.  Plaintiff neither provides allegations suggesting that Exela does more than process the payments on Pennymac's behalf nor does she identify which investment bank is the real servicer of her loan that Exela allegedly works for.  In sum, even when considering

5

the factual content in her objections, the Court cannot draw the reasonable inference that Exela is liable as a servicer under RESPA.

Finally, as it relates to her RICO claim, Plaintiff's complaint states that

Defendants send Fedorova 'billing statements' on behalf of sham conduits (PennyMac, Caliber) who collect royalties for use of their names and direct Fedorova to send her money to P.O. Boxes where her payments are collected and processed by Exela via designated Bank's account where pretender Servicers do not have access. Access to this account have Foley's or Biginano's employees (George Fazio, for example) who launder Fedorova's money into another account by logging in Foley's secured website and making transfers – while these employees most likely do not even know who issue them directions. This is a classic, text-book example [of] mafia-style racket with use of mail and wire transfers to perpetrate this crime.

(Compl., PageID.73.) Plaintiff's objections further state that "co-venturers," including Exela, "were pursuing restitution for an unpaid debt when in fact they were only seeking revenue." (Pl.'s Objs., PageID.1499.)

As the Magistrate Judge and this Court have previously explained,

Under 18 U.S.C. § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." Put differently, a violation of this statute requires: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.I. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiff must allege each of these elements to state a claim. *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012). "Racketeering activity consists of acts which are indictable under a number of federal statutes listed in 18 U.S.C. § 1961(1)(B)," including, among other things, mail fraud under 18 U.S.C. § 1341. *Id.* To show a pattern of racketeering activity, a plaintiff must plead, *inter alia*, at least two predicate acts occurring within a ten-year period. 18 U.S.C. § 1961(5).

*Kim v. City of Ionia*, No. 1:20-cv-843, 2021 WL 5053967, at *9 (W.D. Mich. Jan. 8, 2021).

"'Courts have repeatedly held in RICO cases alleging mail fraud and wire fraud as the predicate acts, the underlying fraudulent activities must be pled with particularity'" in accordance with Federal Rule of Civil Procedure 9(b). *Paycom Billing Servs., Inc. v. Payment Res. Int'l*, 212

6

F. Supp. 2d 732, 736 (W.D. Mich. 2002) (quoting *Eby v. Producers Co-op, Inc.*, 959 F. Supp. 428, 431 (W.D. Mich. 1997) (citing *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389 (6th Cir. 1996)). "When pleading predicate acts of mail or wire fraud, in order to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Heinrich*, 668 F.3d at 404 (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)).

Here, Plaintiff's complaint lacks this level of particularity. Plaintiff asserts that the general group of "Master Servicers; Sub-Servicers and Pretender Servicers" engaged in mail fraud by sending her fraudulent billing statements and using post office boxes to improperly collect payments. But such "loose references to mailings . . . in furtherance of a purported scheme to defraud will not do." *Eby*, 959 F. Supp. at 431. Plaintiff's complaint is devoid of any facts from which to make a plausible inference that Exela sent her false billing statements, that Exela is related to Foley and Bisignano (who Plaintiff believes are the masterminds of this scheme), or that Exela was the ultimate recipient of her payments. Because Plaintiff fails to plead her RICO claim with particularity in accordance with Federal Rule of Civil Procedure 9(b), she fails to state a claim.

### B. Leave to Amend

Plaintiff additionally seeks leave to amend her complaint in one sentence: "If assigned District Judge thinks that Fedorova did not fully plead a claim against Exela, Fedorova respectfully request to provide her 28 days to prepare and file an Amended complaint." (Pl.'s Objs., PageID.1499.)

Although the Court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court "need not give leave to amend when doing so would be futile." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (internal citation omitted). "An

7

amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Plaintiff provides no indication of what additional facts she intends to plead or evidence she intends to provide in her amended complaint. Indeed, Plaintiff requests leave to amend her complaint without providing the Court with a copy of the amended complaint. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint."). Accordingly, absent any indication of what additional facts or evidence Plaintiff seeks to incorporate in her amended complaint, Plaintiff's claims against Exela will be dismissed without leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Court will overrule Plaintiff's objections (ECF No. 213) and adopt the R&R (ECF No. 212) as the opinion of the Court. The Court will grant Exela's motion to dismiss (ECF No. 86) for the reasons stated in the R&R as well as in this Opinion.

An order will enter in accordance with this Opinion.

Dated: August 16, 2023               /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE

8