UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA FEDOROVA,

    Plaintiff,

v.

WILLIAM P. FOLEY, II, et al.,

    Defendants.

_____/

Case No. 1:22-cv-991

Hon. Hala Y. Jarbou

## **OPINION**

Plaintiff Elena Fedorova brings this action against over one hundred Defendants, including PennyMac Loan Services, LLC ("PennyMac"). On August 10, 2023, Magistrate Judge Ray Kent issued a Report and Recommendation (R&R) recommending that the Court grant PennyMac's motion to dismiss for failure to state a claim (ECF No. 82). (*See* R&R, ECF No. 216.) Before the Court are Plaintiff's objections to the R&R (ECF No. 222).

### I. FACTUAL BACKGROUND

The Court has previously laid out the general factual background of this case. (*See* 5/16/2023 Op. on CFPB Mot. to Dismiss, ECF No. 195; 5/16/2023 Op. on DOJ Mot. to Dismiss, ECF No. 198.) Accordingly, the Court will only briefly explain Plaintiff's claims against PennyMac.

Plaintiff applied for a $135,000 loan with Perl Mortgage, Inc. ("Perl") on June 15, 2016, in order to purchase a home at 5757 Saggio Road in Hastings, Michigan. (Fedorova Loan Application, ECF No. 1-2, PageID.123.) She signed a promissory note with Perl on July 29, 2016. (Note, ECF No. 1-6, PageID.134.) The note identifies Plaintiff as the borrower and Perl as the lender. It further states: "I understand that the Lender may transfer this Note. The Lender or

anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (*Id.*)

In a "Notice of Servicing Transfer," Perl advised Plaintiff that

> the servicing of your mortgage loan is being transferred, effective **August 31, 2016** . . . . **Caliber Home Loans, Inc.** will collect your payments going forward. Your new servicer will start accepting payments from you on **August 31, 2016**[.]

(Perl Notice, ECF No. 82-3, PageID.706.) Plaintiff signed this notice certifying that she has "received a copy of this disclosure" and that she "read and understood its contents[.]" (*Id.*)

PennyMac became the owner and servicer of the loan in May of 2019. (5/10/2019 Letter from PennyMac to Fedorova, ECF No. 82-4, PageID.708.)[1] The letter includes contact information for both Caliber and PennyMac. (*See id.*, PageID.710.) It also includes a "Debt Validation Notice" stating that

> [u]nder the Fair Debt Collection Practices Act ("FDCPA") and certain state laws, PennyMac Loan Services, LLC, as the servicer of your loan, is considered a debt collector, and any information obtained will be used for that purpose . . . . As of the date of this letter, you owe $126,995.88 . . . . The name of the creditor to whom the debt is owed is PENNYMAC LOAN SERVICES, LLC.

(*Id.*, PageID.712.)

Despite the aforementioned documentation of her loan and its transfers, Plaintiff believes that the American real estate mortgage is a criminal scheme and PennyMac is a willing participant in this criminal scheme. Plaintiff identifies PennyMac as

> a low-capitalized entity who rents their names for a fee to be used on letterheads prepared by real Servicers from Foley/Bisignano Enterprises. PennyMac pretends to be Fedorova's Servicer. The business of PennyMac is to pose as a creditor or an agent representing a creditor when in fact it is neither. Despite correspondence and notices posted under the name of PennyMac by unknown people who sign nothing, it actually does not receive nor disburse any money. The entire business model is devoted to steering consumers into default with false statements of authority and false reports that are not related to any date input by any PennyMac employee . . . .

---

[1] The same letter is also attached to Plaintiff's complaint. (*See* ECF No. 1-8.)

2

> In short, the business of PennyMac [is] limited to collecting royalties for use of its name – the same as national banks [here: BONY] who pose as trustees of nonexistent trusts implying nonexistent trust accounts with nonexisting unpaid loan accounts.

(Compl., ECF No. 1, PageID.21.) In other words, Plaintiff believes that PennyMac neither collects nor services her mortgage debt; rather, it "rents" its name and letterhead out to various fintech companies who actually collect and process her mortgage payments. She further believes that these various fintech companies are directed by two former Defendants—William P. Foley and Frank Bisignano.

Plaintiff brings the following federal law claims against PennyMac: violations of the Fair Debt Collection Practices Act (FDCPA), the Real Estate Settlement Practices Act (RESPA), and the Racketeer Influenced and Corrupt Organizations Act (RICO), as well as fraud under 18 U.S.C. § 1001. Plaintiff also brings the following state law claims against PennyMac: trespass/invasion of privacy, slander of title, and quiet title.

## II. LEGAL STANDARD

Under Rule 72 of the Federal Rules of Civil Procedure,

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

The Magistrate Judge recommended dismissing each of Plaintiff's claims against PennyMac for failure to state a claim. Before turning to Plaintiff's substantive objections related to these claims, the Court will address Plaintiff's argument that the Magistrate Judge misrepresented the facts of this case in the R&R. For example, Plaintiff states that "Judge Kent treated fake information as real simply because it is in writing" and "forgot that anyone can create

3

the letterhead of any company or person and put it at the top of their document or letter." (Pl.'s Objs. to R&R, ECF No. 222, PageID.1604.)  To the contrary, the Magistrate Judge properly considered the factual allegations in Plaintiff's complaint, the evidence attached to Plaintiff's complaint, and the appropriate evidence filed along with PennyMac's motion to dismiss.  *See Bassett v. Nat'l College Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims therein." (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001))).

### A. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation to dismiss her fraud, FDCPA, RESPA, RICO, and slander of title claims.

#### 1. Fraud

Plaintiff's fraud claim under 18 U.S.C. § 1001 arises "from PennyMac's alleged action of pretending to be a new servicer of her debt."  (R&R 15, ECF No. 82.)  The R&R concluded that Plaintiff cannot maintain a private civil action against PennyMac for an alleged violation of this criminal statute, nor can she enforce this federal criminal statute against PennyMac.  (*Id.* at 15-16.)  In her objections, Plaintiff argues that the Magistrate Judge failed to consider her fraud claim under state law.

As an initial matter, Plaintiff's complaint does not appear to raise a state law fraud claim. Plaintiff's first claim for relief is titled "FRAUD, INCLUDING FRAUD BY INDUCEMENT; FRAUD IN THE FACTUM; CONSPIRACY TO DEFRAUD INDIVIDUALLY AND AS A GROUP." (Compl., PageID.43.)  She brings this claim "against all parties except Recorders and

Agencies." (*Id.*) She further only cites federal law, 18 U.S.C. § 1001, and makes no mention of fraud under Michigan law. (*Id.*)

Even assuming Plaintiff is bringing a claim for fraud under Michigan law, the claim would fail under Rule 12(b)(6).

> Under Michigan law, "[t]he general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery."

*SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 358 (6th Cir. 2014) (quoting *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012)). Federal Rule of Civil Procedure 9(b) further establishes a heightened pleading standard for fraud claims: they must be stated with particularity. *See id.* (citing Fed. R. Civ. P. 9(b)).

Here, Plaintiff claims that PennyMac is fraudulently claiming to service her debt. She alleges that she

> would still be without any clue about the real nature of her transaction, if her transaction, if her alleged "loan" were not fraudulently transferred for the sixth time, now to alleged "default Debt Buyer" PennyMac who started to pretend to be a new Servicer.

(Compl., PageID.216.) However, the note signed by Plaintiff expressly permits transfers. (Note, PageID.134.) The evidence further suggests that PennyMac properly became the owner and servicer of Plaintiff's loan in May of 2019. (5/10/2019 Letter from PennyMac to Fedorova, PageID.708.) Plaintiff offers nothing more than conclusory allegations to suggest that PennyMac's communications are false or that its servicing is fraudulent. Accordingly, Plaintiff's claim fails under the first two elements—it does not appear that PennyMac made a material

5

misrepresentation to Plaintiff that was false. Plaintiff fails to state a fraud claim under federal or state law.

### 2. FDCPA

The Magistrate Judge explained that "[t]he gist of Fedorova's FDCPA claim is that, '[i]t is unlawful for a regulated person to make an inaccurate, untrue, or deceptive statement or claim in a communication to collect a debt.'" (R&R 16 (quoting Compl., PageID.68).) As it relates to PennyMac, Plaintiff believes that it "rented its name to other entities who in turn coerced Fedorova to make payments to PennyMac." (*Id.* at 17.) However, the Magistrate Judge explained that Plaintiff cannot state a claim against PennyMac under the FDCPA because PennyMac was not a debt collector; it was collecting its own debt. The FDCPA contains an exemption for a creditor collecting a debt which it owns. *See* 15 U.S.C. § 1692a(6)(F) ("The term 'debt collector' . . . does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . .").

Plaintiff argues that PennyMac is a debt collector subject to the FDCPA. She attaches to her objections a notice from PennyMac to Plaintiff from January 23, 2023. The notice states, "This is an attempt by a debt collector to collect a debt and any information obtained will be used for that purpose." (Pl.'s Ex. 1 to Objs., ECF No. 222-1, PageID.1620.) However, PennyMac's self-identification as a "debt collector" in a notice does not qualify PennyMac as a "debt collector" as defined in the FDCPA. Plaintiff's objection is meritless.

### 3. RESPA

The Magistrate Judge concluded that Plaintiff fails to state a RESPA claim because she fails to identify the specific provision of 12 U.S.C. § 2605 she believes PennyMac violated. (*See* R&R 18.) Although Plaintiff still does not identify a specific RESPA provision in her objections,

Plaintiff argues that "PennyMac is still considered a part of collection and servicing team," and "[n]obody can produce any evidence of ownership or existence of Fedorova's alleged 'debt' as of today." (Pl.'s Objs. to R&R, PageID.1616.)

However, both Caliber and PennyMac—the "collection and servicing team"—have produced evidence of ownership and servicing of Plaintiff's debt. In a letter dated May 3, 2019, Caliber informed Fedorova that PennyMac is her new servicer. (5/3/2019 Letter from Caliber to Fedorova, ECF No. 1-7, PageID.140.) This accords with 12 U.S.C. § 2605(b)(1)'s requirement that servicers "notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." PennyMac subsequently notified Fedorova that it was now the owner and servicer of the loan. (5/10/2019 Letter from PennyMac to Fedorova, PageID.708.) This accords with 12 U.S.C. § 2605(c)(1)'s requirement that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." In short, Plaintiff fails to explain which RESPA provision PennyMac violated; it does not appear that PennyMac violated RESPA at all.

### 4. RICO

"'Courts have repeatedly held in RICO cases alleging mail fraud and wire fraud as the predicate acts, the underlying fraudulent activities must be pled with particularity'" in accordance with Federal Rule of Civil Procedure 9(b). *Paycom Billing Servs., Inc. v. Payment Res. Int'l*, 212 F. Supp. 2d 732, 736 (W.D. Mich. 2002) (quoting *Eby Producers Co-op, Inc.*, 959 F. Supp. 428, 431 (W.D. Mich. 1997) (citing *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389 (6th Cir. 1996)). "When pleading predicate acts of mail or wire fraud, in order to satisfy the heightened pleading requirements of Rule 9(b), a plaintiff must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Heinrich v. Waiting Angels Adoption*

7

*Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012) (quoting *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008)).

Here, Plaintiff's complaint lacks this level of particularity. Plaintiff's complaint states that

> [a]ll Fedorova's Defendants are engaged in a wide-spread sophisticated pattern racketeering activities. All their income derives from racket and collection of imaginary 'debt' either directly via chain of sham conduits [Foley's Fidelity/Black Knight/ServiceLink; Biginano's FiServ; Cogburn's Exela who use pretender Servicer's names like Caliber and PennyMac.] or indirectly."

(Compl., PageID.71.) Plaintiff's objections reiterate the same general proposition:

> Even though PennyMac Loan Services, LLC is a fake corporation whose name is used by real servicers fintech to collect 'debt' not owed by Fedorova, PennyMac is still considered a part of criminal enterprise, thus it is racketeer under RICO.

(Pl.'s Objs. to R&R, PageID.1617.) Plaintiff fails to identify what fraudulent statements were made, when they were made, or who made them. Indeed, if PennyMac is a fictitious entity, as Plaintiff claims, then it made no statements at all—the "real servicers" would have made the statements. Plaintiff's objection is meritless.

### 5. Slander of Title

Fedorova brings a claim for slander of title against PennyMac because she believes it is a party to her allegedly forged mortgage assignment. The Magistrate Judge concluded that Plaintiff's slander of title claim is based on mere conclusory allegations. (*See* R&R 23.) Like her complaint, Plaintiff offers nothing more than conclusory allegations in her objections:

> 1. The defendant published a statement about the plaintiff's property. This is no doubt that false documents were recorded under name PennyMac.
> 2. The statement was untrue. Here is no doubt that these statements are not true and document are fraudulent, fabricated and forged.
> 3. The defendant knew or should have known the statement was untrue. [T]here is no doubt that Defendants knew that the statements are untrue.
> 4. The statement was of a disparaging nature that could foreseeably impair the value of the property in the estimation of others. There is no doubt that fake fraudulent documents under PennyMac's name have disparaging nature and could foreseeably impair the value of the property in the estimation of others.

8

> 5. The plaintiff suffered damages. Here is no doubt that Fedorova suffered and continue to suffer damages – including extreme emotional distress.

(Pl.'s Objs. to R&R, PageID.1618.)  Such a "formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The Magistrate Judge correctly concluded that Plaintiff fails to state a slander of title claim against PennyMac.

### B. Leave to Conduct Discovery and Amend Complaint

Plaintiff additionally seeks leave to conduct discovery and to amend her complaint:

> The Report erred as a matter of law by failing to address Plaintiffs' timely requests for limited discovery needed before recommending denial of Plaintiff['s] claims[.] Should this Court conclude the record does not show triable questions of fact on these issues, Plaintiff[] respectfully request the opportunity to seek such discovery before the Court denies Plaintiffs' claims on "failure to state the claim" grounds – which is generally not favored by Courts[.] The Report's recommendation to deny Plaintiff's Complaint without granting her Leave to Amend is unconstitutional. This Court should order Defendants to answer or grant Plaintiff an opportunity to amend her Complaint and incorporate new evidence in support.

(Pl.'s Objs. to R&R, PageID.1618.)

As it relates to Plaintiff's request for leave to conduct discovery, "[t]he Supreme Court's decisions in *Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint." *Patterson v. Novartis Pharms. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011) (internal citations omitted).  In *Patterson*, the Sixth Circuit found that a district court did not err by denying the plaintiff leave to conduct discovery because the plaintiff was not entitled to discovery before the court ruled on the defendant's motion to dismiss. *Id.*  Accordingly, Plaintiff is not entitled to discovery at this time.

Plaintiff's request for leave to amend her complaint also fails.  Although the Court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court "need not give leave to amend when doing so would be futile." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (internal citation omitted).  "An amendment is futile when, after including

9

the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'" *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

The Sixth Circuit has "noted that 'implicit in [Rule 15(a)] is that the district court must be able to determine whether justice so requires, and in order to do this, the court must have before it the substance of the proposed amendment.'" *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002)) (alteration in original).  Here, Plaintiff provides no indication of what additional facts she intends to plead or evidence she intends to provide in her amended complaint.  Indeed, Plaintiff requests leave to amend her complaint without providing the Court a copy of the amended complaint.  *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint.").  Rather than attach an amended complaint or indicate what additional facts she intends to plead, Plaintiff instead seeks to amend her complaint with facts and evidence she believes will be produced during discovery.  As previously explained, Plaintiff is not entitled to conduct discovery in order to survive PennyMac's motion to dismiss for failure to state a claim.  Accordingly, Plaintiff's claims against PennyMac will be dismissed without leave to amend.

## IV. CONCLUSION

For the reasons stated above, the Court will overrule Plaintiff's objections (ECF No. 222) and adopt the R&R (ECF No. 216) as the opinion of the Court.  The Court will grant PennyMac's

motion to dismiss (ECF No. 82) for the reasons stated in the R&R as well as in this Opinion.

An order will enter in accordance with this Opinion.


Dated: August 31, 2023                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE