UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA FEDOROVA,

        Plaintiff,                      Case No. 1:22-cv-991

v.                                          Hon. Hala Y. Jarbou

WILLIAM P. FOLEY, II, *et al.*,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Elena Fedorova ("Fedorova") filed the present lawsuit related to the mortgage of property on Hastings, Michigan. One of the defendants named in this lawsuit is JPMorgan Chase Bank, N.A. ("Chase"). This matter is now before the Court on defendant Chase's "Motion to dismiss under Fed. R. Civ. P. 12(b)(5) for insufficient service of process" (ECF No. 185). Fedorova did not respond to the motion.[1]

        **I.**        **Fedorova's complaint**

The Court previously set out the factual background for Fedorova's lawsuit:

Fedorova applied for a $135,000 loan with Perl Mortgage, Inc. ("Perl") on June 15, 2016, in order to purchase a home located at 5757 Saggio Road in Hastings, Michigan. (Fedorova Loan Application, ECF No. 1-2, PageID.123.) Fedorova signed a promissory note on July 29, 2016. (Note, ECF No. 1-6, PageID.134.) The note states: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (*Id.*)

Perl transferred the servicing rights on the loan to Caliber Home Loans, Inc. ("Caliber"), who became the new servicer. Perl notified Fedorova of the transfer.

---

[1] The Court notes that after defendant Chase filed the present motion (ECF No. 185), the Court stayed most of the proceedings in the lawsuit, making an exception for "timely responses or replies to the pending motions." *See* Order (ECF No. 189, PageID.1355). Chase's motion to dismiss was one of the pending motions when the Court entered the stay. However, plaintiff did not file a response to the motion.

(Notice of Assignment, ECF No. 1-11, PageID.146.) Later in 2019, Caliber also told Fedorova that it had become the new servicer of the loan. (5/3/2019 Letter from Caliber to Fedorova, ECF No. 1-7, PageID.140.) In the same letter, Caliber also informed Fedorova that PennyMac Loan Services, LLC ("PennyMac") became the servicer of the loan on or around May 2, 2019. (*Id.*) PennyMac subsequently notified Fedorova that it was now the owner and servicer of the loan. (5/10/2019 Letter from PennyMac to Fedorova, ECF No. 1-8, PageID.142-143.)

On October 31, 2019, PennyMac informed Fedorova that her loan was in default because she failed to make her monthly payments. (Notice of Default, ECF No. 1-22, PageID.178.) Finally, on October 8, 2022, Potestivo & Associates, P.C. provided Fedorova with a notice of foreclosure on behalf of PennyMac. (Notice of Foreclosure, ECF No. 1-33, PageID.253.) As of that date, Fedorova owed $142,308.50 on the loan. (*Id.*)

Opinion (ECF No. 196, PageID.1409-1410).

Fedorova's 119-page complaint is a collection of allegations against over 100 defendants spread across the country. The complaint appears to consist of 28 counts, many of which contain multiple claims against multiple defendants.[2] With respect to defendant Chase,

---

[2] Fedorova appears to have alleged 28 claims or counts: (1) First Claim for Fraud and Conspiracy to defraud (PageID.43-55, 61); (2) Unnumbered "Claims against defendants Mark W. Sheldon; Detroit Legal News Publishing, LLC; Bradley L. Thompson II,; Anna Graham under FDCPA; RESPA; RICO; Common Fraud; Conspiracy to Defraud; Accessories to Theft of Property over $100,000.00, individually and as a group" (PageID.56-61); (3) Second Claim for Forgery (PageID.62-65); (4) Third Claim for Breach of Contract (PageID.65-66); (5) Fourth Claim for Bad Faith (PageID.67-68); (6) Fifth Claim for Violation of FDCPA (PageID.68-70); (7) Sixth Claim for Violations of RESPA (PageID.70-71); (8) Seventh Claim for Mail Fraud and Racket (PageID.71-74); (9) Claim for Violation of Truth in Lending Act (PageID.74-76); (10) Eighth Claim for Trespass and Invasion of Privacy (PageID.76-79); (11) Ninth Claim for Slander of Title (PageID.79-81); (12) Tenth Claim for Violation of FCRA (PageID.81-83); (13) "Claim for compensation under Federal Tort Claims Act" (PageID.83-86); (14) "Claim for declaratory and injunctive relief agaisnt [sic] all agencies including state bar associations and attorney generals offices" (PageID.86-88); (15) "Claim against Department of Justice ('DOJ') and demand to act" (PageID.88-91); (16) "Claim agaisnt [sic] the Senate Banking Committee, Housing and Urban Affairs Committee and demand to act" (PageID.91-93); (17) "Claim against CFPB and demand to act" (PageID.94-96); (18) "Claim agaisnt [sic] Michigan DIFS and demand to act" (PageID.96-99); (19) "Claim agaisnt [sic] Michigan Office of Attorney General and demand to act" (PageID.99-100); (20) "Claim against Florida, Nevada, New York, Wisconsin, Georgia and California Attorney Generals and demand to act" (PageID.101-105); (21) "Claim agaisnt [sic] Florida Governor Desantis notary section and demand to act" (PageID.105); (22) "Claim agaisnt [sic] SEC and demand to act" (PageID.105-111); (23) "Claim against FTC and FDIC and demand to act" (PageID.111-113); (24) "Claim agaisnt [sic] CA Department of Business Oversignt [sic]; and demand to act" (PageID.113); (25) "Claim against Defendnats [sic] Bar Associations and demand to act" (PageID.113-115); (26) "Claim against Barry County Recorder" (PageID.115); (27) "Claim for quiet title under Michigan 600.2932 Quieting title" (PageID.115-116); and, (28) "Claim for damages under Federal Tort Claims Act. Against Defendants HUD/Ginnie Mae and SEC" (PageID.116).

2

Fedorova appears to claim that it was part of a group of defendants that engaged in fraud (PageID.43) and part of a group of defendants that engaged in slander of title (PageID.79).

### II. Discussion

The record reflects that on January 18, 2023, Fedorova filed a Proof of Service for a summons directed at defendant Chase on which she wrote, "Served by certified mail on December 9, 2022." *See* Executed Summons (ECF No. 69, PageID.593). The return receipt card bears an unintelligible signature and name with no "date of delivery" listed. *See* Domestic Return Receipt (ECF No. 69, PageID.594). In its motion to dismiss, Chase lists a number of reasons why this attempted service is insufficient. In addressing these arguments, the Court needs to go no further than the fact that Fedorova, a party to this litigation, improperly attempted to serve the summons and complaint herself.

Fed. R. Civ. P. 4 provides that a summons and complaint may be served by an adult who is "not a party" to the lawsuit, stating in pertinent part:

> **(c) Service.**
>
> **(1) *In General.*** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> **(2) *By Whom.*** Any person who is at least 18 years old and not a party may serve a summons and complaint.

Fed. R. Civ. P. 4(c)(1)-(2). In short, "Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a defendant." *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007). Accordingly, plaintiff's attempt to serve Chase was improper and not authorized by Fed. R. Civ. P. 4.

Next, assuming that Fedorova's certified mailing is an attempt to serve Chase under the applicable state law(s), her service fails. In this regard, Fed. R. Civ. P. 4(e) provides that

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
>> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

Fed. R. Civ. P. 4(e)(1).

Fedorova filed this lawsuit in the Western District of Michigan and attempted to serve defendant Chase at an address in Columbus, Ohio. As discussed, Fed. R. Civ. P. 4(c) provides that service may be performed "by any person who is not a party and who is at least 18 years of age." "Michigan law also requires that process must be made by an adult who is not a party to the case. MICH. CT. R. 2.103(A)." *Bagetta v. Caruso*, No. 1:07-cv-27, 2008 WL 723556 at *1 (W.D. Mich. March 12, 2008). Similarly, Fedorova cannot serve the summons under Ohio law, the state where she attempted serve Chase via certified mail. As the court explained in *Riding Films, Inc. v. Does*, No. 2:13-CV-44, 2014 WL 12586796 (S.D. Ohio April 17, 2014):

> Rule 4(e) of the Federal Rules of Civil Procedure does not authorize service of process on defendant Hupp through certified mail by the plaintiff. Although the Federal Rules of Civil Procedure also authorize service of process in accordance with applicable state law, Fed. R. Civ. P. 4(e)(1), Ohio law authorizes service by certified mail – not by the plaintiff – but by the "clerk." Ohio R. Civ. P. 4.1(A)(1)(a)...

*Riding Films, Inc.*, 2014 WL 12586796 at *1.[3]   Accordingly, Fedorova's attempt to serve defendant Chase under state law as allowed under Fed. R. Civ. P. 4(e) was improper.

---

[3] Ohio R. Civ. P. 4.1(A)(1)(a) provides as follows:

Service by United States Certified or Express Mail. Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk

With respect to seeking dismissal for insufficient service of process, this Court previously observed that:

> In resolving a motion to dismiss for ineffective service under Fed. R. Civ. P. 12(b)(5), the court may construe such a motion as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case"). In this regard the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later").

*See* Order (ECF No. 175, PageID.1275. However, the Sixth Circuit's preference expressed in *Stern* does not apply here because Chase's motion to dismiss is unopposed. Fedorova did not respond to defendant Chase's motion to dismiss as required by the court rules. Specifically, W.D. Mich. LCivR 7.1(a) requires that "[a]ny party opposing a written motion shall do so by filing and serving a brief conforming to these rules" and W.D. Mich. LCivR 7.2(c) requires that "[u]nless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." A plaintiff's failure to file a response to a motion to dismiss is fatal to the plaintiff's position and deemed a waiver of opposition to the relief sought in the motion. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim for breach of fiduciary duty amounts to a forfeiture of that claim). *See also*, *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have

---

shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered.

waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*). Accordingly, defendant Chase's motion to dismiss should be granted.

### III. RECOMMENDATION

For these reasons, I respectfully recommend that defendant Chase's motion to dismiss (ECF No. 185) be **GRANTED** and that it be **DISMISSED** from this action.

Dated: October 18, 2023                    /s/ Ray Kent
                                           RAY KENT
                                           United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).