UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELENA FEDOROVA,

        Plaintiff,                        Case No. 1:22-cv-991

v.                                               Hon. Hala Y. Jarbou

WILLIAM P. FOLEY, II, *et al.*,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Elena Fedorova ("Fedorova") filed the present lawsuit related to the mortgage of property on Hastings, Michigan. One of the defendants named in this lawsuit is Fiserv, Inc. (sometimes referred to as "Fiserv" or "FiServ"). This matter is now before the Court on defendant Fiserv's combined motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) (ECF No. 207). Fedorova did not respond to the motion.[1]

    **I.**    **Fedorova's complaint**

The Court previously set out the factual background for Fedorova's lawsuit:

Fedorova applied for a $135,000 loan with Perl Mortgage, Inc. ("Perl") on June 15, 2016, in order to purchase a home located at 5757 Saggio Road in Hastings, Michigan. (Fedorova Loan Application, ECF No. 1-2, PageID.123.) Fedorova signed a promissory note on July 29, 2016. (Note, ECF No. 1-6, PageID.134.) The note states: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (*Id.*)

Perl transferred the servicing rights on the loan to Caliber Home Loans, Inc. ("Caliber"), who became the new servicer. Perl notified Fedorova of the transfer. (Notice of Assignment, ECF No. 1-11, PageID.146.) Later in 2019, Caliber also told Fedorova that it had become the new servicer of the loan. (5/3/2019 Letter

---

[1] The Court notes that it explicitly lifted the stay in this matter to allow plaintiff to file a response to the motion to dismiss. *See* Order (ECF No. 229).

>   from Caliber to Fedorova, ECF No. 1-7, PageID.140.)  In the same letter, Caliber also informed Fedorova that PennyMac Loan Services, LLC ("PennyMac") became the servicer of the loan on or around May 2, 2019.  (*Id.*)  PennyMac subsequently notified Fedorova that it was now the owner and servicer of the loan.  (5/10/2019 Letter from PennyMac to Fedorova, ECF No. 1-8, PageID.142-143.)
>
>   On October 31, 2019, PennyMac informed Fedorova that her loan was in default because she failed to make her monthly payments.  (Notice of Default, ECF No. 1-22, PageID.178.)  Finally, on October 8, 2022, Potestivo & Associates, P.C. provided Fedorova with a notice of foreclosure on behalf of PennyMac.  (Notice of Foreclosure, ECF No. 1-33, PageID.253.)   As of that date, Fedorova owed $142,308.50 on the loan.  (*Id.*)

Opinion (ECF No. 196, PageID.1409-1410).

Fedorova's 119-page complaint is a collection of allegations against over 100 defendants spread across the country.  The complaint appears to consist of 28 counts, many of which contain multiple claims against multiple defendants.[2]  Fedorova appears to have set out five claims against defendant Fiserv. In her "First claim for relief: Fraud, Inlcuiding [sic] Fraud by Inducement; Fraud in the factum; Conspiracy to Defraud Individually and as a Group" Fedorova

---

[2] Fedorova appears to have alleged 28 claims or counts: (1) First Claim for Fraud and Conspiracy to defraud (PageID.43-55, 61); (2) Unnumbered "Claims against defendants Mark W. Sheldon; Detroit Legal News Publishing, LLC; Bradley L. Thompson II,; Anna Graham under FDCPA; RESPA; RICO; Common Fraud; Conspiracy to Defraud; Accessories to Theft of Property over $100,000.00, individually and as a group" (PageID.56-61); (3) Second Claim for Forgery (PageID.62-65); (4) Third Claim for Breach of Contract (PageID.65-66); (5) Fourth Claim for Bad Faith (PageID.67-68); (6) Fifth Claim for Violation of FDCPA (PageID.68-70); (7) Sixth Claim for Violations of RESPA (PageID.70-71); (8) Seventh Claim for Mail Fraud and Racket (PageID.71-74); (9) Claim for Violation of Truth in Lending Act (PageID.74-76); (10) Eighth Claim for Trespass and Invasion of Privacy (PageID.76-79); (11) Ninth Claim for Slander of Title (PageID.79-81); (12) Tenth Claim for Violation of FCRA (PageID.81-83); (13) "Claim for compensation under Federal Tort Claims Act" (PageID.83-86); (14) "Claim for declaratory and injunctive relief agaisnt [sic] all agencies including state bar associations and attorney generals offices" (PageID.86-88); (15) "Claim against Department of Justice ('DOJ') and demand to act" (PageID.88-91); (16) "Claim agaisnt [sic] the Senate Banking Committee, Housing and Urban Affairs Committee and demand to act" (PageID.91-93); (17) "Claim against CFPB and demand to act" (PageID.94-96); (18) "Claim agaisnt [sic] Michigan DIFS and demand to act" (PageID.96-99); (19) "Claim agaisnt [sic] Michigan Office of Attorney General and demand to act"  (PageID.99-100); (20) "Claim against Florida, Nevada, New York, Wisconsin, Georgia and California Attorney Generals and demand to act" (PageID.101-105); (21) "Claim agaisnt [sic] Florida Governor Desantis notary section and demand to act" (PageID.105); (22) "Claim agaisnt [sic] SEC and demand to act" (PageID.105-111); (23) "Claim against FTC and FDIC and demand to act" (PageID.111-113); (24) "Claim agaisnt [sic] CA Department of Business Oversignt [sic]; and demand to act" (PageID.113); (25) "Claim against Defendnats [sic] Bar Associations and demand to act" (PageID.113-115); (26) "Claim against Barry County Recorder" (PageID.115); (27) "Claim for quiet title under Michigan 600.2932 Quieting title" (PageID.115-116); and, (28) "Claim for damages under Federal Tort Claims Act. Against Defendants HUD/Ginnie Mae and SEC" (PageID.116).

alleged that Fiserv and other defendants committed fraud in violation of 18 U.S.C. § 1001.  Compl. at PageID.43-55, 62.  Her claims included: that on January 7, 2022, FiServ "sent Fedorova flagrantly fake 'Modification' and fake 'VA Claim' dressed as 'Michigan Mortgage' (Compl. at ¶ 15); that sometime after August 12, 2022, Fedorova offered a full payment and "FiServ sent Fedorova unsigned 'Payoff Statement' on PennyMac's letterhead which lacked any references to her alleged creditor" and "demanded payments to FiServ's 'Cash Management' or Exela Technologies, Inc. or to an unverified account with JP Morgan Chase" (*id*. at ¶ 16); and that "The real Servicers - Black Knight, FiServ, Exela, CoreLogic, Covius, Franklin, Computershare - are hiding behind fake Servicers names on the letterheads" (*id*. at ¶ 118).

In her "Fifth claim for relief: Violation of FDCPA" Fedorova alleged that Fiserv violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*.  *Id*. at PageID.68-70.  In her "Sixth claim for relief: Violations of RESPA" Fedorova alleged that Fiserv violated the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601, *et seq*.  *Id*. at PageID.70-71.  In her "Seventh claim for relief: Mail Fraud and Racket" Fedorova alleged that Fiserv violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(c).  *Id*. at PageID.71-74.  In her "Eighth claim for relief: Trespass and Invasion of Privacy", Fedorova alleged that "Master Servicers, Sub Servivicers [sic] and Pretender Services [sic]" engaged in trespass and invasion of privacy.  *Id*. at PageID.76-79. Finally, in her "Nineth [sic] claim for relief: Slander of Title" Fedorova alleged that "Perl Defendants; MERS/ICE Defendants; Foley Enterprise; Bisignano Enterprise; PennyMac Defendants; Potestivo Defendants; JP Morgan Chase; [and] NTC defendants" engaged in slander of title under Michigan law.  *Id*. at PageID.79-80.

## II. Discussion

### A. Fiserv's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5)

Fedorova filed this lawsuit in the Western District of Michigan and attempted to serve defendant Fiserv at an address in Brookfield, Wisconsin. The record reflects that on January 18, 2023, Fedorova filed a Proof of Service for a summons directed at defendant Fiserv on which she wrote, "Served via certified mail on December 2, 2022." *See* Executed Summons (ECF No. 69, PageID.588). The return receipt card bears a signature from "John [unintelligible]" with no "date of delivery" listed. *See* Domestic Return Receipt (ECF No. 69, PageID.589). In its motion to dismiss, Fiserv lists various reasons why this attempted service is insufficient.

As an initial matter, Fedorova, a party to this litigation, improperly attempted to serve the summons and complaint herself. Fed. R. Civ. P. 4 provides that a summons and complaint may be served by an adult who is "not a party" to the lawsuit, stating in pertinent part:

**(c) Service.**

> **(1) *In General*.** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> **(2) *By Whom*.** Any person who is at least 18 years old and not a party may serve a summons and complaint.

Fed. R. Civ. P. 4(c)(1)-(2). In short, "Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a defendant." *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007). Accordingly, Fedorova's attempt to serve Fiserv was improper and not authorized by Fed. R. Civ. P. 4.

Assuming that Fedorova's certified mailing is an attempt to serve Fiserv under the applicable state law(s), her attempted service fails. As an initial matter, Fed. R. Civ. P. 4(e)(1)

4

provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" With respect to a corporation, Fed. R. Civ. P. 4(h) (**Serving a Corporation, Partnership, or Association**) provides that:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: **(1)** in a judicial district of the United States: **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

As discussed, Fed. R. Civ. P. 4(c) provides that service may be performed "by any person who is not a party and who is at least 18 years of age." Similarly, under Michigan law, process must be made by an adult who is not a party to the case. *See Bagetta v. Caruso*, No. 1:07-cv-27, 2008 WL 723556 at *1 (W.D. Mich. March 12, 2008). The Wisconsin statute also requires that process be served by an adult who is "not a party to the action."[3] In short, Fedorova cannot serve defendant Fiserv under state law.

Furthermore, Fiserv explains that under Wisconsin law, a plaintiff cannot simply mail a summons to a corporate defendant:

> In Wisconsin, Plaintiff may serve a domestic corporation like Fiserv via personal service of the Summons and Complaint upon an officer, director, or managing agent of the corporation. *See* Wis. Stat. § 801.11(5). In lieu of personal

---

[3] *See* Wis. Stat. Ann. § 801.10 (**Summons, by whom served**):

> **(1) Who may serve.** An authenticated copy of the summons may be served by any adult resident of the state where service is made who is not a party to the action. Service shall be made with reasonable diligence.
>
> **(1m) Service by certain nonresidents.** Notwithstanding sub. (1), an adult who is not a party to the action and who resides in Illinois, Iowa, Michigan, or Minnesota may serve an authenticated copy of the summons in this state.

5

> service, Plaintiff may leave the Summons and Complaint at the office of such officer, director, or managing agent with the person apparently in charge of that office. *Id*. Only "if with reasonable diligence" the corporation cannot be served through these methods may Plaintiff serve Fiserv via mail, but even then, service by publication must accompany the mailed service. *See id.*; *see also Geraci v. Everhart*, No. 09-C-433, 2009 WL 3446193, at *3 (E.D. Wis. Oct. 23, 2009) (holding that "under Wisconsin law, service of process by mail is not appropriate as a first means of service"). Plaintiff's "Proof of Service" does not demonstrate that she: (i) personally served a Fiserv officer, director, or managing agent; (ii) completed substituted service by leaving the Summons and Complaint with a person "apparently in charge" of a Fiserv office; or (iii) served Fiserv by publication and mail. (ECF No. 69 at 1-2.)

Fiserv's Brief (ECF No. 208, PageID.1463-1464). Accordingly, Fedorova's attempt to serve defendant Fiserv via certified mail was improper and deficient.

With respect to seeking dismissal for insufficient service of process, this Court previously observed that:

> In resolving a motion to dismiss for ineffective service under Fed. R. Civ. P. 12(b)(5), the court may construe such a motion as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case"). In this regard the Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later").

*See* Order (ECF No. 175, PageID.1275. However, the Sixth Circuit's preference expressed in *Stern* does not apply here because Fiserv's motion to dismiss is unopposed. Fedorova did not respond to Fiserv's motion as required by the court rules. Specifically, W.D. Mich. LCivR 7.1(a) requires that "[a]ny party opposing a written motion shall do so by filing and serving a brief conforming to these rules" and W.D. Mich. LCivR 7.2(c) requires that "[u]nless otherwise ordered, any party opposing a dispositive motion shall, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." A plaintiff's failure to file a response to a motion to dismiss is fatal to the plaintiff's position and deemed a waiver of opposition to the

6

relief sought in the motion.  *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir. 2013) (the plaintiff's failure to respond to a motion to dismiss its claim for breach of fiduciary duty amounts to a forfeiture of that claim).  *See also*, *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (same); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (granting defendant's motion to dismiss where "Plaintiff fatally provides no opposition to Defendants' arguments") (citing *Scott*, *Notredan*, and *Humphrey*).  Accordingly, defendant Fiserv's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) should be granted.

> **B.** **Fiserv's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

Fiserv also moved to dismiss Fedorova's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  *See* Fiserv's Motion to dismiss; Fiserv's Brief at PageID.1464-1467. A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

As discussed, Fedorova alleged that defendant Fiserv committed fraud, violated the FDCPA, RESPA, and RICO, engaged in trespass and invasion of privacy, and slandered the title to the property.  This Court has rejected Fedorova's federal fraud claim alleged against defendants.

7

*See, e.g.*, *Fedorova v. Foley*, No. 1:22-cv-991, 2023 WL 4064542 at *1-7 (May 30, 2023), *R&R adopted*, 2023 WL 4077758 (W.D. Mich. June 20, 2023).  In addition, the Court has addressed and dismissed the remaining claims asserted against other defendants, noting the conclusory nature of Fedorova's allegations.  *See, e.g.*, *Fedorova v. Foley*, No. 1:22-cv-991, 2023 WL 5660036 at *10-15 (Aug. 10, 2023), *R&R adopted*, 2023 WL 5621820 (W.D. Mich. Aug. 31, 2023) (dismissing Fedorova's claims under the FDCPA, RESPA, RICO, trespass, invasion of privacy, and slander of title against defendant PennyMac Loan Services);  *Fedorova v. Foley*, No. 1:22-cv-991, 2023 WL 4543034 at *4-6 (July 7, 2023), *R&R adopted*, 2023 WL 5266422 (W.D. Mich. Aug. 16, 2023) (dismissing Fedorova's RESPA, trespass and invasion of privacy claims against defendant Exela as a "group pleading" and dismissing her FDCPA and RICO claims for failing to allege specific actions taken by Exela).  Here, it is unnecessary for the Court to address these conclusory claims alleged against defendant Fiserv.  As discussed in § II.A., *supra*, Fedorova waived her opposition to defendant Fiserv's combined motion to dismiss.  Accordingly, Fiserv's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

    **III. Lifting the stay**

    This matter was stayed until further order of the Court to resolve defendants' dispositive motions.  *See* Order (ECF No. 189) (staying proceedings to allow the parties to brief the motions and for the Court to resolve the motions).  Fiserv is the last defendant remaining in this case and its motion to dismiss (ECF No. 207) is the last dispositive motion to be resolved.  Accordingly, the stay should be lifted after the Court resolves the motion.  In addition, if the Court adopts the recommendation to grant Fiserv's motion, then this case should be dismissed.

## IV.  RECOMMENDATION

For these reasons, I respectfully recommend that defendant Fiserv's motion to dismiss (ECF No. 207) be **GRANTED** and that it be **DISMISSED** from this action.

I further recommend that the **STAY** of proceedings set forth in the Court's order (ECF No. 189) be **LIFTED** and that this case be **DISMISSED**.


Dated:  January 9, 2024                         /s/ Ray Kent
                                                                       RAY KENT
                                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).